## In re NATURALIZATION OF SIGURDSON.

First Division. Juneau. August 19, 1926.

No. 999–J.

Aliens ⬥66—Sailor Denied Naturalization, Because Not in Service on Government Vessel Three Years—Changed from Fishing Vessel after Three Years' Service to Government Vessel—Service Not Continuous on Latter for Requisite Length of Time.

> Petitioner was born in Canada and is 23 years of age; he arrived in the United States when eight years of age, by driving across the border from British Columbia to the state of Washington; no certificate of arrival was presented with petition. He declared his intention to become a citizen of the United States on December 3, 1921, before the clerk of the superior court of King county, Washington. The proofs show that he served almost continuously on fishing and merchant vessels of the United States, of more than 20 tons burden, as seaman and engineer, from November, 1920, until July 7, 1924, and from July 8, 1924, to the present time he has been employed as an engineer under appointment on the Highway, a vessel of more than 20 tons, belonging to the United States and a tender for the Forest Service. He bears an excellent reputation and is of good moral character. *Held,* petitioner served on merchant or fishing vessels of the United States of more than 20 tons burden until July 7, 1924, but he did not re-enlist in that service, but entered the service of the United States on a vessel belonging to the United States, and has been in that service for two years only; petition denied.

The United States Attorney.

REED, District Judge. Ernest Hall Sigurdson on July 31, 1926, filed his petition for naturalization under subdivision 7 of section 4 of the Act of Congress of June 29, 1906, as amended by the Act of May 9, 1918 (8 USCA § 388), claiming that he was entitled to be admitted to become a citizen of the United

⬥See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

States by virtue of his service on merchant vessels of the United States for a period of more than three years.

The applicant, as appears from the testimony, is a Canadian by birth, of the age of 23 years, who arrived in the United States when 8 years of age, by driving across the border between the United States and Canada from Ladnia, British Columbia, to Blaine, in the state of Washington. He accompanied a cousin, who was a citizen by naturalization. No certificate of arrival was presented with the petition. The applicant is a marine engineer, and served almost continuously on fishing and merchant vessels of the United States of more than 20 tons net burden as a seaman and engineer from November, 1920, until July 7, 1924, and from July 8, 1924, to the present time he has been employed as an engineer under appointment on the gas screw vessel Highway. The Highway is a vessel of more than 20 tons net burden, belonging to the United States, and is a tender of the Forest Service of the United States.

The applicant declared his intention to become a citizen of the United States on December 3, 1921, before the clerk of the superior court of King county, state of Washington. The petitioner, according to the testimony, bears an excellent reputation and is of good moral character. He appears very intelligent, and undoubtedly would make an excellent citizen. The only question before me is whether, under the facts stated, he is entitled to his final papers under the seventh subdivision of section 4 of the act above referred to.

The pertinent portion of subdivision 7 in this case is:

"Any alien * * * of the age of 21 years and upward, * * * who has served for three years on board of any vessel of the United States government, or for three years on board of merchant or fishing vessels of the United States of more than twenty tons burden, and while still in the service on a re-enlistment or reappointment, or within six months after an honorable discharge or separation therefrom, * * * may, on presentation of the required declaration of intention petition for naturalization without proof of the required five years' residence within the United States," etc.

The petitioner claims to be entitled to be admitted because of his service on merchant vessels of the United States of more than 20 tons net burden for more than three years, and because of his later service of over two years in and including the present time on a vessel of the United States. In other words,

the claim is made that the continuity of his service has not been broken by his transfer from a merchant or fishing vessel of the United States to a vessel belonging to the United States, and that he is still in the original service prescribed by the statute, thus falling within the limitation requiring the petition to be made while still in service on re-enlistment or reappointment.

I cannot agree with petitioner's contention. The provisions of the statute would seem to read as follows: That one who serves on board any vessel of the United States government, and while in the service on re-enlistment or reappointment or within six months after honorable discharge, etc., may petition, or one who serves for three years or more on any merchant or fishing vessel of the United States of more than 20 tons net burden while still in the service on re-enlistment or reappointment, or within six months after honorable discharge therefrom, may petition, etc.

In the case of the petitioner, he served on merchant or fishing vessels of the United States of more than 20 tons burden until July 7, 1924; but he did not re-enlist in the service on merchant or fishing vessels of the United States, but entered the service of the United States on a vessel belonging to the United States, and has been in such service for two years only.

Therefore he is not entitled to claim the benefits of either of the clauses of the section above referred to.